## Jessie Cowan, Appellee, v. S. D. Terrell and Thomas Gray, Appellants.

### Gen. No. 36,883.

Opinion filed December 29, 1933.

OLIVER A. CLARK, for appellants.

No appearance for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This appeal seeks to reverse a judgment of the municipal court for $387.70 rendered against S. D. Terrell, defendant, in a cause tried by the court without a jury for the conversion of certain necessary household goods.

Plaintiff's statement of claim alleged that November 15, 1932, she was the owner of household furniture used by her in her home; that defendant on that date, in her absence, went to her residence and removed the furniture; and that he refused to return same to her but converted it to his own use.

Defendant's amended affidavit of merits asserts that he was engaged in the furniture, moving and storage business; that he removed the furniture in question (except a few articles he denied taking) under the authority of a chattel mortgage covering the property, which had been executed by plaintiff to secure a note for $65 given by her to defendant for the purchase price of some of the articles of furniture taken; that no part of the note had been paid and same was in default on November 5, 1932; that he learned that

plaintiff was in the county jail on that date and fearing that the furniture might be removed to some unknown place, and as a matter of protection to himself, he went to plaintiff's home and removed the articles enumerated in the chattel mortgage; and that he has fully complied with the terms of the mortgage.

Plaintiff's theory is that defendant in proceeding to foreclose this chattel mortgage, and in seizing and removing the furniture from her home, acted in violation of the provisions of par. 25, ch. 95, Cahill's Ill. Rev. St. 1931, which are as follows:

"*Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That no chattel mortgage on the necessary household goods, wearing apparel or mechanic's tools of any person or family shall be foreclosed except in a court of record. No such household goods, wearing apparel or mechanic's tools covered by a chattel mortgage shall be seized or taken out of the possession of the mortgagor before foreclosure, except by a sheriff and then only after the mortgagee or his agent shall present an affidavit to a judge of any court of record, setting forth that the mortgage is due or that he is in danger of losing his security, giving the facts upon which he relies, and shall obtain an order from such judge directing such sheriff, to seize such household goods, wearing apparel or mechanic's tools, and hold them subject to the order of court: *Provided,* that nothing herein shall apply to the sale of furniture by regular dealers on the so-called instalment plan: *Provided,* this Act shall not apply to the foreclosure of chattel mortgages executed prior to the time this Act shall take effect."

Defendant contends that he is in the business of buying and selling furniture, and inasmuch as the mortgage was given to secure the purchase price of some of the property included in the mortgage, he did not have to comply with the foregoing statute; that the

burden was on plaintiff to prove that the articles were necessary household goods; and that he was within his rights in foreclosing the mortgage as he did.

There is practically no controversy upon the facts in this case. The evidence discloses that plaintiff was a widow, who resided in the third apartment at 4538 South Parkway, and kept a few lodgers; that in August, 1932, she purchased a few articles of furniture from defendant, giving him in payment her check for $65; that the check did not clear through the bank and was returned to defendant; that subsequently she gave him her note for $65 and a chattel mortgage, covering the articles purchased and other furniture, to secure same; that defendant learned that plaintiff was arrested November 5, 1932, and lodged in the county jail; that, accompanied by a bailiff and others, he went to plaintiff's home and during her absence seized and removed the furniture in question; and that later the same was sold under his direction.

It was conclusively established that the articles of furniture seized and removed were necessary household goods used by plaintiff in maintaining her home, and clearly came within the contemplation and protection of par. 25 of the Mortgage Act, *supra*. The property which is the subject matter of this litigation did not come within any exception contained in the statute. The purpose of the act was to prevent just such a seizure of necessary household goods as was made in this case and the liability of the defendant was completely demonstrated. After a careful examination of the evidence we are in full accord with the conclusion reached by the learned trial judge in deciding this cause when he said:

"He became scared too soon because he saw something in the paper. (Reading.) 'No chattel mortgage'—and that means this . . . 'of any person or family shall be foreclosed except in a court of record

. . . . no such household goods, wearing apparel or mechanic's tools covered by the chattel mortgage shall be seized or taken out of the possession of the mortgagor before foreclosing . . . except by the sheriff and then only after the mortgagee or his agent shall present an affidavit to a judge of any court of record, setting forth that the mortgage is due or that he is in danger of losing his security, giving the facts upon which he relies, and shall obtain an order from such judge directing the sheriff to seize such household goods . . . and hold them subject to the order of the court.' Now that is the statute and the legislature saw fit to pass it. . . . This defendant doesn't come into the court with clean hands at all. He deliberately went into this woman's flat because he saw in the paper . . . that she happened to be arrested. He rushes over there with . . . a truck and two truckmen and goes into the flat and cleans it out. . . . He takes everything out of there that was of any value and what does he do? He goes back and puts it up for sale.''

It is also urged that the court erred in arriving at the value of the property removed. It is sufficient to state that where by its finding and judgment the court has done substantial justice between the parties, a court of review will not disturb the judgment for any alleged inaptitude of the court's method or manner of calculating or computing the amount of damages.

For the reasons indicated the judgment of the municipal court is affirmed.

*Affirmed.*

GRIDLEY and SCANLAN, JJ., concur.